**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ARUNA JHA, | DOCKET NUMBER |
| Appellant, | CH-0752-15-0472-I-2 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: February 28, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steven Glink, Esquire, Northbrook, Illinois, for the appellant.

Janet M. Kyte, Hines, Illinois, for the agency.

Timothy B. Morgan, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymod A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed her removal. On petition for review, the appellant argues that the administrative judge erred in sustaining the charges, in finding that the appellant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

did not establish her affirmative defenses, and in finding that removal was a reasonable penalty. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED regarding the administrative judge's analysis of the appellant's whistleblower defense, we AFFIRM the initial decision.

¶2 The agency removed the appellant from her GS-12 Social Worker position based on: (1) failure to follow agency policies by sending 27 unencrypted emails containing patients' personal identifying information (PII) and medical information to her personal email account, her attorney, and her daughter (10 specifications); (2) requesting Home Health Aide services for veterans who were not eligible for such services (2 specifications); (3) lack of candor (2 specifications); (4) failure to follow supervisory directions (1 specification); and (5) failure to complete assigned work (1 specification). MSPB Docket No. CH-0752-15-0472-I-1, Initial Appeal File (IAF), Tab 6, Subtabs A, D. In effecting the appellant's removal, the agency considered her past disciplinary record consisting of a 3-day suspension in 2013, and a 14-day suspension in 2014, for performance and conduct issues. *Id.*, Subtab D at 6. On appeal, the appellant

challenged the charges and alleged retaliation for EEO activity and for whistleblowing. IAF, Tabs 1, 9.

¶3      In her initial decision, the administrative judge sustained charges (1), (2), and (5). MSPB Docket No. CH-0752-15-0472-I-2, Appeal File, Tab 13, Initial Decision (ID) at 4-17. She found that specification 2 of charge (2) was virtually identical to charge (4), and she therefore merged them and sustained the merged charge. ID at 20-24. The administrative judge did not sustain charge (3). ID at 17-20. The administrative judge found that the appellant failed to establish her EEO retaliation affirmative defense. ID at 24-28. Regarding the appellant's whistleblower reprisal claim, the administrative judge found that the appellant established her prima facie case, but that the agency proved by clear and convincing evidence that it would have removed her despite her protected disclosure. ID at 28-37. Finally, the administrative judge found that a nexus existed between the sustained charges and the efficiency of the service, ID at 37-38, and that removal was a reasonable penalty, ID at 38-42.

¶4      On review, the appellant has challenged virtually all of the administrative judge's findings. Petition for Review (PFR) File, Tab 1 at 1-27. We have considered the appellant's claims regarding the sustained charges but find that her claims do not establish error in the administrative judge's well-reasoned findings. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (same).

¶5      The appellant disputes the administrative judge's credibility findings. PFR File, Tab 1 at 3-4. The Board must defer to an administrative judge's credibility determinations when, as here, they are based on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department*

*of Justice*, [288 F.3d 1288](#), 1301 (Fed. Cir. 2002). Here, after describing the testimony of the relevant witnesses, including the appellant, regarding the charged misconduct, the administrative judge made reasoned credibility determinations based on the factors set forth in *Hillen v. Department of the Army*, [35 M.S.P.R. 453](#), 458 (1987). ID at 12-13, 16-17, 23. In fact, she made specific demeanor findings to explain why she credited the testimony of the appellant's first- and second-level supervisors over that of the appellant. *Id.* Although the appellant disputes the administrative judge's findings, the appellant has not presented sound reasons for the Board to revisit the administrative judge's demeanor-based and other credibility findings.

¶6    The appellant also challenges the administrative judge's finding that she did not establish her claim of retaliation for EEO activity. She alleges that the administrative judge failed to give proper weight to her supervisors' "motive to fabricate," that she filed an EEO complaint and a Federal lawsuit against them over their decisions to impose upon her several successive suspensions, PFR File, Tab 1 at 4, and that the 14-day suspension and removal followed soon after her filings. *Id.* at 18.

¶7    To prove an affirmative defense of retaliation for EEO activity protected under Title VII, an appellant must show that the prohibited consideration was a motivating factor in the agency's action. *Pridgen v. Office of Personnel Management*, [2022 MSPB 31](#), ¶¶ 21-22, 30. However, to obtain full relief under the statute, including reinstatement, back pay, and damages, an appellant must show that retaliation was a but-for cause of the agency's action. *Id.*, ¶ 22. An appellant may prove a claim of retaliation under Title VII through direct evidence, circumstantial evidence, or some combination of the two. *Id.*, ¶ 24.

¶8    In finding that the appellant did not establish that retaliation for her EEO activity was a motivating factor in her removal, the administrative judge found that the appellant provided no evidence of such retaliation apart from her testimony that she filed an EEO complaint against her supervisors in May 2014

and was disciplined shortly thereafter, and that she also filed a Federal lawsuit against her supervisors and the agency in November 2014. ID at 27. The administrative judge considered evidence that the appellant's performance problems began in 2013, Hearing Transcript (HT) at 308-15 (testimony of the appellant's second-level supervisor), before she filed her EEO complaint. ID at 26. The administrative judge also considered the deciding official's testimony that she did not assume her duties as Acting Medical Director until just after the agency issued the appellant's notice of proposed removal, and that, although she was not sure that she knew of the appellant's EEO complaint when she rendered her decision, she did not know about the Federal lawsuit at that time. HT at 555-56 (testimony of deciding official); ID at 26. The administrative judge found no evidence that the appellant's supervisors influenced the deciding official to remove the appellant based on her prior EEO activity, ID at 27, no evidence that other employees who did not file EEO complaints or Federal civil actions were treated differently, and no evidence that the charged misconduct was not the real reason for the agency's action, ID at 27-28.

¶9 Contrary to the appellant's claim on review, the administrative judge did not fail to consider that the appellant's supervisors were the subject of her EEO complaint and Federal lawsuit. To the extent that that factor provided them with a motive to retaliate against the appellant, the administrative judge found that all three supervisors testified clearly and consistently that they did not retaliate against the appellant and that the decision to remove her was based upon her serious misconduct, which is well documented in the record. ID at 27. In reaching her finding on the appellant's claim, the administrative judge considered the witnesses' demeanor. ID at 27. As noted earlier, absent sufficiently sound reasons for doing so, the Board will not overturn credibility determinations based upon demeanor. *Haebe*, 288 F.3d at 1301. The appellant has presented no such

reasons here. Therefore, she has not shown error in the administrative judge's analysis of this affirmative defense.[2]

¶10      The appellant also challenges the administrative judge's finding that she did not establish her claim of retaliation for whistleblowing. The appellant argues that the administrative judge erred in finding that her supervisors had only a "slight" motive to retaliate against her. PFR File, Tab 1 at 4; ID at 36.

¶11      The administrative judge found that the appellant disclosed what she reasonably believed was a violation of law, rule, or regulation when she told her senator that: (1) she had documented that a quadriplegic veteran's wife had expressed concerns to her that the facility was not responsive to her requests regarding her husband's care; (2) sometime later the wife committed suicide in the patient's room; and (3) the appellant's supervisors subsequently directed her to "redact and revise" her notes on the patient and his wife. ID at 29-30. The administrative judge further found that, based upon the timing and knowledge test, the appellant established that her disclosure was a contributing factor to her removal. ID at 30-31. These findings have not been challenged on review and we find no basis upon which to disturb them.

¶12      The administrative judge further found that the agency proved by clear and convincing evidence that it would have removed the appellant even absent her protected disclosure. ID at 32-37. In making her finding, the administrative judge considered the "*Carr*" factors, specifically: (1) the strength of the agency's evidence in support of the personnel action; (2) the existence and strength of a motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.

---

[2] Because we affirm the administrative judge's finding that the appellant failed to show that retaliation for EEO activity was a motivating factor in her removal, we need not resolve the issue of whether the appellant proved that retaliation was a but-for cause of the agency's decisions. *See Pridgen*, 2022 MSPB 31 ¶¶ 20-22, 30-33.

*Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11; *see Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).[3]  In so doing, the administrative judge acknowledged the requirement that she consider all the pertinent evidence in examining whether the agency has met its burden.  ID at 32-37; *see Soto*, 2022 MSPB 6, ¶ 11.

¶13       Addressing *Carr* factor (3) first, the administrative judge, referencing a previous Board decision involving a medical professional at the Department of Veterans Affairs, found that Dr. Parikh, the appellant in that case who was removed for releasing confidential medical information, was not similarly situated to the appellant in this case, as the appellant disputed below and on review.  ID at 33; PFR File, Tab 1 at 17.  The administrative judge acknowledged that Dr. Parikh's removal was reversed by the Board because of retaliation for whistleblowing.      ID at 33; *Parikh v. Department of Veterans Affairs*, 116 M.S.P.R. 197 (2011).  She found that, although one charge in the *Parikh* case was similar, the agency in the instant case proved two additional charges of misconduct against the appellant, and that, because she and Dr. Parikh occupied different positions at different medical centers such that there were different proposing and deciding officials, the appellant and Dr. Parikh were not similarly situated.  ID at 33.  The Board has held that the requirement that comparator employees for *Carr* factor purposes be "similarly situated" does not require "virtual identity" and "[d]ifferences in kinds and degrees of conduct between otherwise similarly situated persons within an agency can and should be

---

[3] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on this issue.  However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, extended for 3 years in the All Circuit Review Extension Act, Pub. L. No. 113-170, 128 Stat. 1894, and eventually made permanent in the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510 appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction.  *See* 5 U.S.C. § 7703(b)(1)(B).  We are unaware of other circuit courts that have considered this issue.

accounted for." *Chavez v. Department of Veterans Affairs*, [120 M.S.P.R. 285](), ¶ 34 (2013) (quoting *Whitmore v. Department of Labor*, [680 F.3d 1353](), 1373 (Fed. Cir. 2012)).  Notwithstanding, we agree with the administrative judge that the appellant and Dr. Parikh were not similarly situated for these purposes.  ID at 33; *cf. Chavez*, [120 M.S.P.R. 285](), ¶ 34 (finding that the appellant and the other Licensed Vocational Nurse were similarly situated in that both were probationary employees with the same supervisor).  We also agree with the administrative judge that, because of the additional charges against the appellant, Dr. Parikh's deficiencies were not sufficiently similar to the combination of reasons for the appellant's removal to provide persuasive evidence regarding *Carr* factor (3).  ID at 33.

¶14      As to *Carr* factor (1), the strength of the agency's evidence in support of its action, the administrative judge found the evidence to be very strong.  ID at 33-36.  She found that the agency proved four of the five charges it brought, and that the appellant's prior two suspensions for similar misconduct had failed to correct her behavior.  ID at 33-34.  The administrative judge noted that, because of the appellant's misconduct in charge (1), the agency was required to notify 27 individuals of the PII disclosure and offer them credit monitoring.  ID at 35.  Other than arguing that no veterans were "harmed" by her admitted disclosure of their PII, PFR File, Tab 1 at 7, the appellant has not directly challenged the administrative judge's analysis of *Carr* factor (1), and we see no reason to disturb this analysis.

¶15      Regarding *Carr* factor (2), the existence and strength of any motive to retaliate on the part of agency officials involved in the decision, the administrative judge found that the appellant's second-level supervisor could have had a slight motive to retaliate based on the appellant's continual insistence on performing her duties as she thought best, and not conforming to agency policies and procedures, but that the "repeated seriousness" of the appellant's misconduct outweighed any slight motivation her second-level supervisor might

have had to retaliate against her. ID at 36. The administrative judge found no motive to retaliate on the part of the deciding official because she had been Acting Director of the facility for only a short time, there were approximately 4,000 employees at that facility, and the appellant's disclosure did not involve the deciding official because she was the director at another facility at that time. ID at 37.

¶16      On review, the appellant argues that her supervisors had "enormous" motives to retaliate against her because she named them in her whistleblowing complaint with the Office of Special Counsel, in her EEO complaint, and in her Federal lawsuit alleging that they improperly directed her to alter a patient's medical record and committed other irregularities. PFR File, Tab 1 at 4. We agree that the administrative judge erred in not considering this information when she described the appellant's supervisors' motivation to retaliate as "slight." Rather, we believe that the appellant's filings, particularly to the extent that they named her second-level supervisor, provided him with a significant motive to retaliate against her when he proposed her removal. *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 23 (2010). However, we nonetheless agree with the administrative judge that, weighing the *Carr* factors, the agency has met its burden to show by clear and convincing evidence that it would have removed the appellant, absent her disclosure. ID at 33-37. Although the proposing official had a clear motive to retaliate, the deciding official did not. Most significantly, the agency had a strong basis upon which to remove the appellant based on the four sustained charges of serious misconduct and her two prior suspensions for similar misconduct, both of which occurred within a year prior to the misconduct that led to her removal. IAF, Tab 6, Subtab D; *Phillips*, 113 M.S.P.R. 73, ¶ 31. Employees who engage in protected activity are not granted immunity from the ordinary consequences of misconduct or poor performance. *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 285-86 (1977); *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999). Therefore, we

conclude that the administrative judge's error did not prejudice the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶17    Finally, in addressing the reasonableness of the penalty, the administrative judge found, and we agree, that the deciding official carefully considered the factors set forth by the Board in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).   ID at 41-42; HT at 528-37 (testimony of the deciding official).   We have considered the appellant's challenges to this finding, PFR File, Tab 1 at 19-26, but find that they do not establish error.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.   5 C.F.R. § 1201.113.   You may obtain review of this final decision.   5 U.S.C. § 7703(a)(1).   By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   5 U.S.C. § 7703(b).   Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.